## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

LA CARRIERS, LLC
*Plaintiff*

VERSUS

Barge M 721, bearing Official No. 1048908,
Barge KS 1402, bearing Official No.1350534,
Barge KS 4513, bearing Official No.1228278,
Barge M 710, bearing Official No. 1197275,
Barge M 714, bearing Official No. 1138223,
Barge M 8004, bearing Official No. 1352515,
Barge M 8008, bearing Official No. 1352519,
Barge M 8007, bearing Official No. 1352518,
their engines, deck equipment, cranes, tackle,
furniture, apparel, appurtenances, etc., *in rem,*
and RIGID CONSTRUCTORS, LLC, *in personam,* and MARMAC, LLC, *in personam*
*Defendants*

CIVIL ACTION NO.:

IN ADMIRALTY,
F.R.C.P. 9(h) AND RULE C

## <u>VERIFIED COMPLAINT</u>

COMES NOW, Plaintiff, LA Carriers, LLC ("LA Carriers"), who, pursuant to Rule C of

the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions

("Supplemental Admiralty Rules"), brings this action against the Barge M 721, bearing Official

No. 1048908, Barge KS 1402, bearing Official No. 1350534, Barge KS 4513, bearing Official

No. 1228278, Barge M 710, bearing Official No. 1197275, Barge M 714, bearing Official No.

1138223, Barge M 8004, bearing Official No. 1352515, Barge M 8008, bearing Official No.

1352519, Barge M 8007, bearing Official No. 1352518, their engines, cranes, deck equipment,

tackle, furniture, apparel, appurtenances, etc., *in rem*, and RIGID CONSTRUCTORS, LLC, in

personam, and MARMAC, LLC, *in personam*, stating an admiralty and maritime claim. In

support of this Verified Complaint, LA Carriers avers and alleges as follows:

## THE PARTIES

1.

Plaintiff, LA Carriers, is a corporation duly organized under the laws of the State of Louisiana.

2.

Upon information and belief, Marmac, LLC ("Marmac") is a limited liability company duly organized under the laws of the State of Louisiana and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

3.

Upon information and belief, Rigid Constructors, LLC ("Rigid") is a limited liability company duly organized under the laws of the State of Louisiana and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

4.

At all material times, the following Defendants *in rem* (collectively the "Vessels") are U.S.-flagged freight barges that are now or will, during the pendency of this lawsuit, be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court:

1) Barge M 721, bearing Official No. 1048908,

2) Barge KS 1402, bearing Official No. 1350534,

3) Barge KS 4513, bearing Official No. 1228278,

4) Barge M 710, bearing Official No. 1197275,

5) Barge M 714, bearing Official No. 1138223,

6) Barge M 8004, bearing Official No. 1352515,

7)  Barge M 8008, bearing Official No. 1352519, and

8)  Barge M 8007, bearing Official No. 1352518,

The Barge KS 4513 and Barge KS 1402 are outfitted with material handling cranes. These materials handling claims are appurtenances of the barges and are likewise subject to attachment under Rule C.

5.

At all material times, Marmac was and is the registered owner of the Vessels and Rigid was the bareboat charterer of the Vessels.

6.

This is an action against Marmac and Rigid, *in personam*, and against the Vessels, her engines, cranes, deck equipment, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*.

**JURISDICTION AND VENUE**

7.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333(1) in that this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Admiralty Rules.

8.

Venue is proper in this district because the Vessels are now or will, during the pendency of this lawsuit be, upon the navigable waters of Louisiana and within this district and within the jurisdiction of this Honorable Court, as required by 28 U.S.C. §1391(b).

**FACTUAL ALLEGATIONS**

9.

LA Carriers is a vessel operator that owns and operates a fleet of vessels providing towing, affreightment, anchor handling, dredging support, and marine construction support services in both Louisiana and all over the country.

10.

Upon information and belief, Rigid is a construction company that provides marine construction services.

11.

In 2024, Rigid was awarded a contract by Cameron Parish, Louisiana to build subsurface revetment as part of Cameron Parish's Shoreline Stabilization Project. (*See* Cameron Parish/Rigid Contract, attached hereto as **Exhibit A**).

12.

In October 2025, Rigid hired LA Carriers to assist Rigid with the Cameron Parish marine construction job.  In October 2025, LA Carriers and Rigid entered into a verbal tug services agreement, pursuant to which, LA Carriers would provide various tug support services and/or personnel to Rigid and the aforementioned and named Vessels, in connection with the project. The Vessels were bareboat chartered by Rigid from their owner, Marmac, and were used by Rigid to build subsurface revetment in various waterways in Cameron Parish. Under the verbal tug services agreement, LA Carriers would provide its own tugs and personnel to work as directed by Rigid to shift and move the Vessels around the construction site. Pursuant to this agreement, LA Carriers charged Rigid a rate of $5,750.00 per day per tug assigned to the Cameron Parish job.

13.

LA Carriers began providing tug services to Rigid and its Vessels beginning in October 2025 at the rate of $5,750.00 per day per tug. LA Carriers began issuing invoices for tug services to Rigid for work beginning in October 2025 at the agreed upon daily tug rate. Rigid willingly paid the first few LA Carriers invoices at the agreed upon daily tug rate but then stopped paying LA Carriers' invoices shortly thereafter.

14.

From December 12, 2025 to March 30, 2026, LA Carriers issued a series of eleven (11) invoices for tug services provided to Rigid on the Cameron Parish construction project that have not been paid. Despite amicable demand, Rigid has failed to pay the full balance owed on the eleven invoices, totaling $1,363,341.19. (*See* Unpaid Invoices, attached hereto *in globo* as **Exhibit B**). The below expert from **Exhibit B** shows the summary of the unpaid invoices.

12:17 PM
04/01/26
Accrual Basis

. **LA CARRIERS, L.L.C.**
**Customer Open Balance**
All Transactions

| Type | Date | Num | Memo | Due Date | Open Balance | Amount |
|---|---|---|---|---|---|---|
| **RIGID CONSTRUCTORS** | | | | | | |
| **25-197** | | | | | | |
| Invoice | 12/12/2025 | 26554 | bj - CHARTE... | 02/10/2026 | 17,250.00 | 17,250.00 |
| Invoice | 12/16/2025 | 26560 | CHARTER - L... | 02/14/2026 | 56,541.65 | 56,541.65 |
| Invoice | 12/16/2025 | 26561 | LE CHARTER... | 02/14/2026 | 63,968.75 | 63,968.75 |
| Invoice | 01/02/2026 | 26578 | LT/LE - CHA... | 03/03/2026 | 184,000.00 | 184,000.00 |
| Invoice | 01/16/2026 | 26587 | LE - CHARTE... | 03/17/2026 | 86,250.00 | 86,250.00 |
| Invoice | 01/16/2026 | 26588 | LT - CHARTE... | 03/17/2026 | 86,250.00 | 86,250.00 |
| Invoice | 02/02/2026 | 26605 | LE/LT - CHA... | 04/03/2026 | 184,000.00 | 184,000.00 |
| Invoice | 02/16/2026 | 26623 | LE/LT - CHA... | 04/17/2026 | 172,500.00 | 172,500.00 |
| Invoice | 03/02/2026 | 26630 | LT / LE - CHA... | 05/01/2026 | 149,500.00 | 149,500.00 |
| Invoice | 03/16/2026 | 26648 | LE/LT - CHA... | 05/15/2026 | 172,500.00 | 172,500.00 |
| Invoice | 03/30/2026 | 26658 | LE/LT - CHA... | 05/29/2026 | 190,580.79 | 190,580.79 |
| Total 25-197 | | | | | 1,363,341.19 | 1,363,341.19 |
| Total RIGID CONSTRUCTORS | | | | | 1,363,341.19 | 1,363,341.19 |
| **TOTAL** | | | | | **1,363,341.19** | **1,363,341.19** |

15.

On March 25, 2026, Tristen Plaisance of LA Carriers emailed Rigid's accounts payable department and Shane Dupre, Rigid's Vice President of Marine Logistics, and requested payment for the invoice nos. 26654, 26560, 26561, 26578, 26587, and 26588 which were overdue and owing. That same day, Shane Dupre of Rigid responded that Rigid would be paying the first three invoice nos. 26654, 26560, 26561, the following day. On March 26, 2026, Tristen Plaisance of LA Carriers responded and inquired about the status of the other unpaid invoices, noting that Rigid had already been given extensions of time to pay the unpaid invoices, and insisted the full unpaid balance be paid immediately. Tristen Plaisance also reminded Rigid that the remaining invoices (invoice nos. 26606, 26623, 26630, 26648 and 26658) would be overdue soon.  (*See* emails regarding overdue invoices, attached hereto *in globo* as **Exhibit C**). However, Rigid never committed to paying the balance of any overdue invoice. As a result, on March 26, 2026, LA Carriers removed its tugs from the construction project and ceased providing tug services to Rigid. *See* **Exhibit C.**

16.

As set forth herein, LA Carriers has made amicable demand upon Rigid for payment of approximately $1,363,341.19 representing the total of the unpaid invoices, but no response nor payment was received. (*See* April 21, 2026 email from John Plaisance of LA Carriers to Rigid, attached hereto as **Exhibit D**). Despite numerous amicable demands and upon notice of monies owed and requests for payment of the aforementioned invoices, the debt has not been paid. Rigid is justly indebted to LA Carriers for the damages as aforesaid and as to be shown more particularly at trial.

17.

Accordingly, LA Carriers is entitled to recover the principal amount of $1,363,341.19 plus interest.

18.

The Vessels are currently located or will be located within the jurisdiction of this Court, as the Vessels are currently in Cameron Parish, Louisiana. As such, LA Carriers brings this action *in personam* against Rigid (as debtor and bareboat charterer of the Vessels) and Marmac (as the owner of the Vessels) and *in rem* against the Vessels for all amounts of outstanding indebtedness.

## COUNT I: BREACH OF MARITIME CONTRACT AGAINST RIGID

19.

LA Carriers re-alleges and re-avers each of the allegations contained in Paragraphs 1 through 18, as if set forth herein *in extenso*.

20.

LA Carriers and Rigid entered into a binding verbal tug services agreement for the provision of tug services and vessel personnel. LA Carriers provided services and personnel to Rigid and the Vessels pursuant to this agreement.

21.

Rigid breached the verbal tug services agreement when it failed to make payments for LA Carriers' provided services.  As such, LA Carriers is entitled to all damages, fees, costs, and interest arising as a result of Rigid's breach thereof.

## COUNT II: MARITIME LIEN FOR NECESSARIES ON THE VESSELS

22.

LA Carriers re-alleges and re-avers each of the allegations contained in Paragraphs 1 through 21, as if set forth herein *in extenso*.

23.

LA Carriers is entitled to a maritime lien against the Vessels and is legally entitled to seize said Vessels pursuant to its rights under the general maritime law and admiralty laws of the United States and have them sold to satisfy any judgment which might be rendered in this matter. LA Carriers provided services for the Vessels that enabled the Vessels to perform the functions for which they had been engaged. LA Carriers provided these services on the order of the Vessels' charterer, Rigid, or a person authorized by the charterer and/or the Vessels' owner, Marmac, which services and personnel constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301. *See Martin Energy Servs., L.L.C. v. Bourbon Petrel M/V*, 962 F.3d 827, 831 (5th Cir. 2020). Alternatively, LA Carriers is entitled to a maritime lien against the Vessels as a result of the breach of verbal tug services agreement, a maritime contract to provide services to a vessel. *See E.A.S.T., Inc. of Stamford v. M/V Alaia*, 876 F.2d 1168, 1174 (5th Cir. 1989).

24.

LA Carriers reserves the right to amend any article of this Verified Complaint as facts become better known.

25.

An Affidavit and/or Declaration by LA Carriers' authorized representative verifying the facts of this Complaint is attached hereto as **Exhibit E**.

32.

Pursuant to local rule, LA Carriers agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies from any and all liability as a result of seizing the Vessels.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LA Carriers, LLC, prays:

1.    That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against Barge M 721, bearing Official No. 1048908, Barge KS 1402, bearing Official No. 1350534, Barge KS 4513, bearing Official No. 1228278, Barge M 710, bearing Official No. 1197275, Barge M 714, bearing Official No. 1138223, Barge M 8004, bearing Official No. 1352515, Barge M 8008, bearing Official No. 1352519, Barge M 8007, bearing Official No. 1352518, their engines, cranes, deck equipment, tackle, furniture, apparel, appurtenances, etc. (collectively the "Vessels"), *in rem*, and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said Vessels be seized, condemned and sold to satisfy all amounts owed to LA Carriers, as set forth herein;

2.    For judgment *in rem* against the Vessels, as provided by 46 U.S.C. § 31342, in the full amount due as set forth herein, including prejudgment interest, costs, and expenses;

3.    For any *custodia legis* expenses incurred by LA Carriers, LLC in connection with these proceedings.

4.    That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be deposited with the Court to satisfy amounts owed to LA Carriers, LLC.;

5. That notice of these proceedings be given to the owner or master of the Vessels and all persons who have recorded lien(s) with the U.S. Coast Guard by certified mail, delivered to their last known address on file with the U.S. Coast Guard; and

6. That this Court issue a final judgment *in personam* against Defendant, Rigid Constructors, LLC, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees; and

7. That this Court grant LA Carriers, LLC such other and further relief which it may deem just and proper.

Dated: April 23, 2026.

Respectfully submitted,

/s/ Austin S. Glascoe
AUSTIN S. GLASCOE (La. Bar No. 38236)
JEFFERSON R. TILLERY (La. Bar No. 17831)
JONES WALKER LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8584
Facsimile: (504) 589-8584
E-Mail: aglascoe@joneswalker.com
jtillery@joneswalker.com

***Attorneys for Plaintiff, LA Carriers, LLC***
